**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROGER STRINGER, KIMBERLY**                                        **PLAINTIFF**
**HYDER, AND ZACHARY STRINGER**

**v.**                                        **CIVIL ACTION NO. 2:18-CV-00059-KS-MTP**

**REMINGTON ARMS COMPANY,
LLC; WALDO'S SPORT CENTER,
INC.; SPORTING GOODS
PROPERTIES, INC.; AND E.I.
DUPONT DE NEMOURS
AND COMPANY.**                                        **DEFENDANTS**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim

for Relief [6]. For the reasons below, the Court finds that the motion should be granted.

## I. BACKGROUND

Justin Stringer was killed by a Remington Model 700 XMP equipped with an X-Mark Pro

trigger (the "subject rifle") on June 11, 2011. Compl. ¶¶ 18-19, ECF No. 1-2. Justin and his brother,

Zachary Stringer, were sitting on a couch while Zachary held the subject rifle in his hands. *Id.* at ¶¶ 20-

21. Zachary stood up with the subject rifle, the rifle discharged, and Justin was killed instantly. *Id.* at

¶¶ 22-23. In April 2014, Remington Arms Company, LLC ("Remington"), issued a recall on the

Remington Model 700 XMP equipped with the X-Mark Pro trigger. *Id.* at p. 4. On March 14, 2015,

Justin's father found that Remington had issued the aforementioned recall on the subject rifle. *Id.* at

¶ 26. On March 12, 2018, members of Justin Stringer's family (collectively, "Plaintiffs") filed suit

against Remington; Waldo's Sport Center, Inc.; Sporting Goods Properties, Inc.; and E.I. DuPont De

Nemours and Company (collectively, "Defendants"). Plaintiffs alleged four claims under the

Mississippi Products Liability Act[1] (MPLA): (1) manufacturer's liability for unreasonably dangerous products; (2) failure to warn; (3) negligence and gross negligence; and (4) breach of warranties. *Id.* at ¶¶ 29-52.

Plaintiffs allege that the X-Mark Pro trigger was defective and regularly caused the rifles to discharge without touching the trigger. They allege that Remington knew of these defects for years prior to the recall and knowingly concealed these defects. *Id.* at p. 5. Defendants now move to dismiss the claims.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which

---

[1] Codified at Miss. Code Ann. § 11-1-63.

a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777 (5th. Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)).

### III.   ANALYSIS

In their Motion to Dismiss, Defendants argue that Plaintiffs' claims are time barred. Defs.' Br. Supp. Mot. Dismiss 2, ECF No. 7. "Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243 (5th. Cir. 2017) (citing *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 469 (5th Cir. 2006)). The MPLA has no prescribed statute of limitations; MPLA claims are subject to the "catchall" three-year statute of limitations codified at Miss. Code Ann. § 15-1-49. *Turnage v. McConnell Technologies, Inc.*, 671 F. App'x. 307, 308 (5th Cir. 2016). The Complaint states that Justin Stringer was killed on June 11, 2011. Compl. ¶¶ 20-23. Knowing that the statute of limitations in this case is three years, the Defendants' affirmative defense appears on the face of the Complaint. Plaintiffs counter that the statute of limitations is tolled by the "discovery rule,"[2] and Remington's fraudulent concealment of the subject rifle's defects.

### a.   THE "DISCOVERY RULE"

Plaintiffs claim that the statute of limitations is tolled by the "discovery rule." The discovery rule states, "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss Code Ann. § 15-1-49(2). Plaintiffs argue that they "did not and could not have discovered the 'injury'" due to Remington's alleged fraudulent concealment. Pls.' Resp. Opp. Defs.' Mot. Dismiss 5, ECF No. 15.

A latent injury is "one where the 'plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question ... [or]

---

[2] Codified at Miss. Code. Ann. § 15-1-49(2).

3

when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.'" *PPG Architectural Finishes, Inc. v. Lowery*, 909 So.2d 47 (Miss. 2005) (citing *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 168 (Miss.1999)). A cause of action under § 15-1-49 accrues "when the plaintiff has knowledge of the injury, not knowledge of the injury and its cause." *Williams v. Ciba Vision Corp.*, 100 F. Supp. 3d 585 (S.D.Miss. 2015) (citing *Barnes ex rel. Barnes v. Koppers, Inc.*, 534 F.3d 357, 361 (5th Cir.2008)).

In *PPG Architectural Finishes, Inc. v. Lowery*, a woman went to work, saw her workplace had been painted recently, and noticed a strong odor. Within hours, she became disoriented and subsequently went to the hospital. *PPG Architectural Finishes, Inc.*, 909 So.2d, 48. At the hospital, they listed her cause of injury as acute exposure to the paint fumes. *Id.* at 52. The court found that she "knew" of her injury the day she breathed in the paint fumes because she knew when, how, and by whom she had been injured. *Id.* at 51-52. In the case at bar, Plaintiffs knew Justin Stringer was killed on June 11, 2011. Compl. ¶¶ 20-23. Plaintiffs knew how and by whom Justin Stringer died. They state "[t]he projectile from the rifle struck Justin in the head and killed him immediately." *Id.* at ¶ 23. For the purposes of the discovery rule, Plaintiffs knew of their injury the day Justin Stringer was killed, even if they allegedly did not know its cause.

**b. FRAUDULENT CONCEALMENT**

Defendants contend that the three-year statute of limitations began running on June 11, 2011, the date of Justin Stringer's death. Defendants further contend that even if the statute of limitations is tolled until Remington issued their recall in April 2014, Plaintiffs' claims would still be time barred. Defs.' Br. Supp. Mot. Dismiss 7. Plaintiffs argue that Remington fraudulently concealed their cause of action, thus tolling the statute of limitations until Plaintiffs discovered their cause of action. Pls.' Opp'n. Defs.' Mot. Dismiss 7, ECF No. 15.

Under Miss. Code Ann. § 15-1-67, the fraudulent concealment of a cause of action tolls the statute of limitations. *Robinson v. Cobb*, 763 So.2d 883, 887 (Miss. 2000). In order to prove fraudulent

concealment, "plaintiffs have a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was preformed [sic] on their part to discover it." *Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So.2d 78, 84 (Miss. 2003).

### i. Affirmative Act

The first element of fraudulent concealment requires the plaintiff to demonstrate that Defendants' affirmative acts or conduct prevented the discovery of a claim. *Id.* Plaintiffs state that Defendants committed two affirmative acts of concealment: (1) concealing that the subject rifle would discharge without a trigger pull, and (2) "on-going concealment that deprived [P]laintiffs of the ability to recognize that [D]efendants were culpable." Pls.' Opp'n. Defs.' Mot. Dismiss 8. Plaintiffs allege that Remington used "overly broad Protective Orders and Confidentially [sic] Agreements" to protect their "darkest secrets, brand name and ultimate financial bottom line." Compl. 2. Plaintiffs allege that these actions were designed to "ultimately conceal and deprive the public from ever learning about the host of well documented dangers." *Id.* Plaintiffs conclude by stating that "Remington's long history of concealment . . . is well documented in the Complaint and its exhibits." Pls.' Opp'n. Defs.' Mot. Dismiss 8. Defendants responded by stating that they never "affirmatively" concealed anything from the Plaintiffs, nor did the Defendants have a duty to disclose anything to the Plaintiffs. Defs.' Br. Supp. Mot. Dismiss 6.

Despite its lack of citation to any authority, accepting the well-pleaded facts as true and construing the light most favorable to the Plaintiffs, it is not facially obvious that the Plaintiffs failed to adequately demonstrate that Defendants' affirmative acts or conduct prevented the discovery of a claim. However, the court need not discuss the merits of the first element of fraudulent concealment, as the Plaintiffs fail to establish that they exercised any due diligence to discover a potential cause of action.

### ii.  Due Diligence

For the second element of fraudulent concealment, Plaintiffs must prove that due diligence was performed on their part to discover the fraudulent concealment. Plaintiffs claim they satisfy this requirement, and offer three cases in support of their argument: *Sundbeck v. Sundbeck,* No. 1:10-CV-23-A-D, 2011 WL 5006430 (N.D.Miss. Oct. 20, 2011); *Whitaker v. Limeco Corp.*, 32 So.3d 429 (Miss. 2010); and *Trustmark Nat. Bank v. Meador*, 81 So.3d 1112 (Miss. 2012). For the reasons below, this Court finds that the Plaintiffs have not proven that they performed adequate due diligence to discover any fraudulent concealment.

"[T]he plaintiffs must show that they *failed*, despite the exercise of due diligence on their part, to discover the facts that form the basis of their claim" *Sundback*, 2011 WL 5006430 *2 (emphasis added) (quoting *In re Catfish Antitrust Litigation*, 908 F.Supp. 400, 407 (N.D.Miss.1995)). Plaintiffs' own words belie their lack of diligence to research a potential cause of action. Plaintiffs state that they first found out about Remington's recall on March 14, 2015, while searching the internet. Compl. ¶ 26. Plaintiffs contend that while they were diligent, "no amount of diligence by these [P]laintiffs . . . would result in piercing the wall of concealment maintained by Remington." Pls.' Opp'n. Defs.' Mot. Dismiss 9.  However, Plaintiffs state that "had [they] directly contacted Remington, it would have denied a defect." *Id.* at 3.

"The proper test is 'whether a reasonable person similarly situated would have discovered potential claims.'" *Whitaker*, 32 So.3d at 436 (Miss. 2010) (quoting *Andrus*, 887 So.2d at 179 (Miss.2004)). According to the Complaint, Zachary Stringer did nothing to cause the subject rifle to fire and maintained that position throughout his trial and subsequent conviction. Compl. ¶ 24. Yet the Plaintiffs did not think to call the manufacturer of the rifle that allegedly spontaneously fired and killed their son to check and see if the product was defective. A reasonable person similarly situated would have checked to see if a potential cause of action was available. As such, Plaintiffs did not show that

they failed to find a cause of action despite their reasonable actions to discover one. On the contrary, it seems that the Plaintiffs failed to exercise any diligence following the accident, much less any reasonable amount[3].

Further, the Fifth Circuit, applying Mississippi law, stated that:

The plaintiffs need not have actual knowledge of the facts before the duty of due diligence arises; rather, knowledge of certain facts which are "calculated to excite inquiry" give rise to the duty to inquire. The statute of limitations begins to run once plaintiffs are on inquiry that a potential claim exists.

*First Trust National Association v. First National Bank of Commerce*, 220 F.3d 331, 337 (5th Cir. 2000) (citing *Smith v. Sanders*, 485 So.2d 1051, 1052 (Miss. 1986)). A rifle spontaneously firing and killing someone absent manipulation by the user certainly would put a reasonable person on notice to investigate further. Plaintiffs' actions following the incident suggest more of a willful ignorance than a thought to investigate an abnormal event.

"[A] plaintiff cannot satisfy the due diligence requirement if he had information regarding the claim and failed to take action before the statute of limitations expired." *Trustmark Nat. Bank v. Meador*, 81 So.3d 1112, 1120 (Miss. 2012) (quoting *Andrus*, 887 So.2d, 181) For this point, the Court finds the opinion in *Smith v. General Motors, LLC*, persuasive. No. 3:17-CV-471-TSL-RHW, 2017 WL 4582330 (S.D.Miss. Oct. 13, 2017). This case is nearly on all fours with the case at bar. In *Smith*, a woman was injured by an airbag failing to deploy after a collision in 2014. That same year, General Motors issued a safety recall on the subject vehicle. In 2017, three years and two months after the collision, the plaintiff filed suit against General Motors, alleging violations of the MPLA and fraudulent concealment. The plaintiff claimed that the statute of limitations should be tolled until the date of the

---

[3] Finally, Plaintiffs argue that "the statute does not require diligence on the part of the plaintiffs." Pls.' Opp'n. Defs.' Mot. Dismiss 9. This is directly at odds with the Mississippi Supreme Court. The Court has stated "plaintiffs have a[n] . . . obligation to demonstrate that . . . due diligence was preformed [sic] on their part." *Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So.2d 78, 84 (Miss. 2003); *Trustmark Nat. Bank v. Meador*, 81 So.3d 1112, 1120 (Miss. 2012).

recall, thus making her suit timely. *Smith,* 2017 WL 4582330 at *1. On its face, the plaintiff's complaint appeared to adequately plead the required affirmative act of concealment. However, the plaintiff failed to plead that she performed adequate due diligence to discover the alleged fraudulent concealment. The court found that while the plaintiff may not have known the precise reason for the airbag's failure, she knew they were supposed to function properly. Therefore, this Court found, "[s]he knew at that moment that she potentially had a cause of action" and, at that moment, "the statute of limitations began to run." *Id.* at *3.

As in *Smith,* Plaintiffs in this case may have not known the precise reason that the subject rifle fired without being manipulated, but a reasonable person knows that guns typically do not discharge on their own. The *Smith* court stated, "[plaintiff] may not have known the precise reason for the malfunction, but she unequivocally knew that the airbags . . . should have deployed in the collision." *Id.* Similarly, in the case at bar, Plaintiffs knew the moment Justin was killed that the subject rifle failed in some way. They may not have known why, but they unequivocally knew that the subject rifle should not have discharged. In Smith, the statute of limitations began to run on the date of the woman's accident. *Id.* In this case, the statute of limitations began to run the day the subject rifle killed Justin Stringer. Therefore, the Plaintiffs did not exercise due diligence by waiting four (4) years after the incident to research whether or not they had a cause of action.

Because Plaintiffs have not met their burden in pleading fraudulent concealment or that the statute of limitations should otherwise be tolled, the Court will **grant** the Motion to Dismiss. Plaintiffs' claims will be **dismissed with prejudice**.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss for Failure to State a Claim for Relief [6] is **granted**. Plaintiffs' claims are barred by the statute of limitations and

neither the discovery rule nor the doctrine of fraudulent concealment applies to toll the statute of limitations. This case is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED, on this, the 30th day of July, 2018.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE